IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MELISSA H.,**[1]<br><br>　　　　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**KILOLO KIJAKAZI**<br>**Acting Commissioner of Social Security,**<br><br>　　　　　　　　　　　　**Defendant.** | Court No. 1:21-cv-00141-DBP<br><br>**RULING & ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS TO PLAINTIFF**<br><br>Magistrate Judge Dustin B. Pead |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 10). 28 U.S.C. § 636(c). Plaintiff Melissa H., pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) under Title XVI of the Social Security Act (Act) (ECF 19). After careful review of the record (ECF 15 and 16), the parties' briefs (ECF 19, 23 and 24), and arguments presented at a hearing held on September 7, 2022 (ECF 29), the Court concludes that the Commissioner's decision is supported by substantial evidence. As stated on the record at the hearing and as set forth below, Plaintiff's motion for review of agency action (ECF 19) is DENIED, and the Commissioner's decision is AFFIRMED.

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

## I.    BACKGROUND

In July 2019, Plaintiff applied for SSI, alleging disability beginning November 14, 2017, due to headaches, pancreatitis, diabetes, neuropathy, anxiety, depression, and post-traumatic stress disorder (PTSD) (ECF 15, Administrative Transcript (Tr.) 83, 222). She was 44 years old on her alleged disability onset date (Tr. 83). Plaintiff completed two years of community college, and last worked as an executive assistant in 2008 (Tr. 45-46).

Plaintiff pursued her disability claim to a February 2021 hearing before an administrative law judge (ALJ), at which Plaintiff, her attorney, and a vocational expert appeared (Tr. 29-58). In a March 2021 hearing decision, the ALJ issued a decision finding Plaintiff was not disabled through the date of that decision (Tr. 23-24).

In making that determination, the ALJ applied the five-step sequential evaluation for determining disability in adults (Tr. 12-24). *See* 20 C.F.R. § 416.920. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Plaintiff's severe impairments included degenerative joint disease, degenerative disc disease, syrinx of the thoracic spine, pancreatitis, diabetes mellitus, neuropathy, and several mental impairments (Tr. 14). The ALJ also noted that although Plaintiff alleged migraines, there was no evidence of a primary headache disorder that met the criteria of Social Security Ruling (SSR) 19-4p (Tr. 15). The ALJ then found Plaintiff had the residual functional capacity (RFC) to perform light work with some postural, environmental, and mental limitations (Tr. 17). The ALJ determined Plaintiff was not able to return to her past work as an executive assistant (Tr. 21). At step five, the ALJ found that Plaintiff was not disabled because a person of Plaintiff's age, education, and work experience, with Plaintiff's work-related limitations, could perform other jobs existing in

significant numbers in the national economy (Tr. 22-23). The ALJ identified jobs such as office helper and mail clerk sorter (Tr. 22-23).

On August 13, 2021, the agency's Appeals Council denied review (Tr. 1-5). This appeal followed. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.  STANDARD OF REVIEW

The Court's review of the Commissioner's final decision is specific and narrow. The Court reviews the decision to determine whether substantial evidence in the record, taken as a whole, supports the factual findings and whether the correct legal standards were applied. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). On judicial review, the agency's factual findings are "conclusive if supported by substantial evidence." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g) (internal quotation marks omitted)). The threshold for substantial evidence is "not high"; it is "more than a mere scintilla" of evidence, and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (internal quotation marks omitted). Under this deferential standard, this Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]." *Hendron*, 767 F.3d at 954 (citation omitted). The doctrine of harmless error could also apply in the "right exceptional circumstance," when "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## III.   ANALYSIS

To establish that she is disabled, a claimant must show that she was unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment or combination of impairments that lasted, or were expected to last, for a continuous period of at least 12 months. *See* 42 U.S.C. § 1382c(a)(3)(A). A disabling physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(B). The claimant has the burden of furnishing medical and other evidence establishing the existence of a disabling impairment. *See* 42 U.S.C. § 1382c(a)(3)(H)(i) (incorporating by reference 42 U.S.C. § 423(d)(5)(A)). Whether a claimant is disabled under the Act is a decision reserved to the Commissioner alone. *See* 20 C.F.R. §§ 404.1520b(c)(3), 404.1546(c), 416.920b(c)(3), 416.946(c).

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ's decision summarizes the five-part sequential evaluation process. A claimant's RFC is determined in the third step of the process. *Id.* The RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. 20 C.F.R. § 416.945. A person's RFC is the most a claimant can do, despite symptoms from her impairments. 20 C.F.R. § 416.945(a)(1).

Plaintiff contests the ALJ's step two and step five findings. Plaintiff argues the ALJ's analysis was inadequate because he did not properly discuss her headache and diabetes impairments, and contends that the ALJ should not have relied on the vocational expert

4

testimony, and that she could not perform the jobs identified at step five of the analysis. The Court finds Plaintiff's arguments unpersuasive and addresses each as set forth herein.

### A. The ALJ Considered Plaintiff's Headache and Diabetes Impairments When Assessing Her RFC

The Court finds that the ALJ's conclusion that Plaintiff's headache disorder did not satisfy the criteria of SSR 19-4p is supported by substantial evidence. SSR 19-4p sets out the criteria for determining whether headaches are a primary disorder that constitutes a medically determinable impairment (MDI), or whether the headaches are secondary to a separate MDI (Tr. 15). 2019 WL 4169635. SSR 19-4p states in relevant part that:

> We establish a primary headache disorder as an MDI by considering objective medical evidence (signs, laboratory findings, or both) from an [acceptable medical source]. We may establish only a primary headache disorder as an MDI. We will not establish secondary headaches (for example, headache attributed to trauma or injury to the head or neck or to infection) as MDIs because secondary headaches are symptoms of another underlying medical condition. We evaluate the underlying medical condition as the MDI.

SSR 19-4p, 2019 WL 4169635 at *5. The ALJ properly followed that guidance. He reviewed the objective medical evidence and Plaintiff's statements to her providers, and reasonably concluded that Plaintiff's headaches were secondary to her "cervical spinal injury and disease" stemming from her 2001 motor vehicle accident (Tr. 15). The ALJ thus determined that Plaintiff's headaches were not an MDI, but still considered Plaintiff's "headache complaints as a symptom of her cervical spine impairment" (Tr. 15). The ALJ went on to acknowledge treatment notes and Plaintiff's testimony regarding her headaches (Tr. 17-18, 21), and said he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" when making the RFC finding (Tr. 17). The ALJ did not offer his own diagnosis of Plaintiff's headaches as Plaintiff

contends (Pl. Br. at 10). Rather, the ALJ quoted Plaintiff's own report to her medical providers that she had "migraine headaches since a car accident back in 2001" and had "some improvement in her headaches after she had cervical spine fusion surgery" (Tr. 15, 367; *see also* Tr. 332). Plaintiff's argument that the ALJ ignored SSR 19-4p or failed to adequately discuss Plaintiff's headaches throughout the decision is unpersuasive.

The Court also finds the ALJ's discussion of Plaintiff's diabetes was adequate. The ALJ addressed Plaintiff's diabetes mellitus, finding it was a severe impairment at step two (Tr. 14). In his discussion, he specifically referenced Plaintiff's laboratory testing that showed elevated A1C and blood glucose levels, and treatment notes that showed she had not developed any complications (Tr. 18, 1444-45, 1447-48, 1468, 1473, 1729-3). The ALJ also acknowledged that Plaintiff had "fatigue from uncontrolled diabetes" and her testimony that her headaches and diabetes combined with her other impairments caused her to be unable to get out of bed two to three days per week, and that she had trouble concentrating (Tr. 17-18, 21). The ALJ also considered all of Plaintiff's impairments and related symptoms, including fatigue, in making the RFC determination (Tr. 17). *See Endriss v. Astrue*, 506 F. App'x 772, 775 (10th Cir. 2012) (unpublished) (ALJ adequately explained the basis for finding where the ALJ cited several exhibits and, a few pages earlier, summarized evidence in those exhibits); *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) ("[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." (internal citation and quotation marks omitted)).

On balance, the ALJ acknowledged that Plaintiff said she had fatigue and concentration issues, and accounted for these symptoms in the RFC by limiting Plaintiff to simple, routine, and

6

repetitive tasks; simple work-related decisions; and work in a setting free of fast-paced production requirements, with few workplace changes, and only occasional interaction with the public (Tr. 17).  *See Shinseki v. Sanders*, 556 U.S. 396, 408-09 (2009) (the burden is on the party attacking the agency's determination to show that prejudice resulted from the error).  While there does appear to be a scrivener's error in the section of the decision where the ALJ discussed Plaintiff's diabetes-related laboratory testing because the ALJ did not finish his sentence, this does not require remand because the ALJ discussed Plaintiff's diabetes-related symptoms elsewhere and the Court could reasonably discern the ALJ's reasoning.  *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (certain technical errors are minor enough to be harmless); *Davis v. Erdmann*, 607 F.2d 917, 919 n.1 (10th Cir. 1979) ("While we may not supply a reasoned basis for the agency's action that the agency itself has not given . . . we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." (citations omitted)).

      **B.**     **There Was No Step Five Error**

Next, the Court finds the ALJ's conclusions at step five of the sequential evaluation were supported by substantial evidence.  Relying on vocational expert testimony, the ALJ concluded that there were at least two jobs that Plaintiff could perform in the national economy that existed in substantial numbers—office helper and mail clerk sorter (Tr. 23).  *See Krauser v. Astrue*, 638 F.3d 1324, 1333 (10th Cir. 2011) (at step five, an ALJ may relate a claimant's impairments to a vocational expert and then ask the expert whether, in his opinion, there are any jobs in the national economy that the claimant can perform, without delineation of and comparison with the corresponding demands of the jobs in question).

Plaintiff alleged these jobs both conflict with the RFC limitation to simple, routine tasks because they require a General Educational Development (GED) reasoning level of two or three (Pl. Br. at 14-16). *See* Office Helper (DOT 239.567-010, 1991 WL 672232); Mail Clerk (DOT 209.687-026, 1991 WL 671813). The Acting Commissioner conceded that the mail clerk job appears to conflict with the RFC because it requires a GED reasoning level of three. However, the Court finds there is no conflict with respect to the office helper job, which only requires a GED reasoning level of two.[2] The Tenth Circuit has repeatedly held that reasoning level two is consistent with an RFC limitation to simple tasks, which is essentially what the RFC was in this case. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding that a limitation to "'simple and routine work tasks'" was inconsistent with the demands of level-three reasoning *but consistent with the demands of level-two reasoning*) (emphasis added); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (unpublished) ("Ms. Stokes' second argument is that the ALJ's limitation to simple, repetitive and routine work should be construed as a limitation to jobs with a reasoning-level rating of one. We disagree."). Nor does the DOT job description for office helper establish otherwise. Thus, there was no inconsistency for the ALJ to resolve and no error requiring remand.

Finally, there was no error during the administrative hearing simply because the ALJ asked the vocational expert to identify light as opposed to sedentary jobs (*see* Pl. Br. at 12-13).

---

[2] A job rated at a reasoning level of two requires commonsense understanding for detailed but uninvolved instructions; and a job rated at a reasoning level of three entails applying commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations. *See DOT*, App. C, § III (4th Ed. Rev. 1991).

The vocational expert could have testified that there were no light jobs available, but the expert identified two light jobs that she believed fit the hypothetical RFC (Tr. 47). While Plaintiff points to some deficiencies in the vocational expert's testimony with respect to other jobs that were not included in the ALJ decision, the ALJ was charged with making the ultimate decision in this case and did so. The ALJ reasonably relied on the vocational expert's testimony that Plaintiff could perform the job of office helper, and a vocational expert is a proper evidentiary source. *See* 20 C.F.R. §§ 416.960(b)(2) (ALJ may rely on vocational expert to "offer relevant evidence within his or her expertise or knowledge"); 416.966(e) ("In determining the issue of whether you are disabled . . . we may use the services of a vocational expert or other specialist."). The ALJ discharged his duties under SSR 00-4p. *See* 2000 WL 1898704.

## IV.   CONCLUSION

For the reasons stated above, the ALJ's decision is supported by substantial evidence and legally sound, and is therefore AFFIRMED, and Plaintiff's motion for review of agency action is DENIED (ECF No. 19). Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

Dated this 22nd day of September, 2022.

DUSTIN B. PEAD
United States Magistrate Judge